UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STARQUAN CATLIN,

        Plaintiff

-against-

INTELLIGENTSIA COFFEE INC.,

        Defendant.
-----------------------------------------------------------X

Case No.

COMPLAINT

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff STARQUAN CATLIN ("Plaintiff"), by and through his attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## Nature of the Case

1. Plaintiff brings this action charging that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981, *et seq.* ("1981"), the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL"). Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of suffering a hostile work environment on the basis of his race (Black) and being retaliated against for complaining of race-based discrimination, resulting in his termination.

## Jurisdiction and Venue

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 1981, as well as 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's claims brought under state and municipal law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and/or omissions giving rise to the claims occurred within the Southern District of New York.

## Procedural Prerequisites

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated 11/03/2022 with respect to the herein charges of discrimination (the "Notice"). A copy of the Notice is annexed hereto.

7. This action is being filed within 90 days of receipt of the Notice.

## Parties

8. Plaintiff is a resident of the State of New York, County of Kings.

9. Defendant INTELLIGENTSIA COFFEE INC. ("INTELLIGENTSIA") is a foreign business corporation operating in, existing under, and by virtue of, the laws of the State of New York.

10. At all times material, Defendant INTELLIGENTSIA maintains a coffee shop located at One Idlewild Drive New York, NY 11430 (the "Location") where the discriminatory conduct alleged herein took place.

11. At all times material, Defendant INTELLIGENTSIA had 15 or more employees.

12. At all times material, Defendant INTELLIGENTSIA was Plaintiff's employer under Title VII.

13. At all times material, Defendant INTELLIGENTSIA was Plaintiff's employer under the NYSHRL.

14. At all times material, Defendant INTELLIGENTSIA was Plaintiff's employer under the NYCHRL.

## Material Facts

15. On or about June 2021, Plaintiff was hired by Defendant INTELLIGENTSIA to work at the Location as a barista.

16. Plaintiff's duties while working for Defendant included crafting coffee drinks for customers, stocking, and otherwise serving customers.

17. Plaintiff was qualified for his position and always performed his duties well.

18. On approximately August 18, 2021, Plaintiff was introduced to a new supervisor, Shay Cohen ("Mr. Cohen"). Mr. Cohen was a Caucasian male.

19. Almost immediately upon meeting, Mr. Cohen began targeting Plaintiff for increased scrutiny and even physical violence based on his race.

20. On approximately August 18, 2021, Mr. Cohen pushed the Plaintiff while he was using an espresso machine.

21. Mr. Cohen also began using the word "nigger" frequently in Plaintiff's presence, deeply offending Plaintiff.

22. As but one example, in late September Mr. Cohen stated that "they don't allow niggers in the hotel."

23. On or about early October 2021, Plaintiff complained about Mr. Cohen's use of racist language to another supervisor, Lakesha Bell ("Ms. Bell").

24. Following Plaintiff's complaint about the racist work environment he was experiencing, Plaintiff began to receive even more heightened scrutiny of his work. As but one example, Ms. Bell sent Plaintiff home for work for not filling up enough ice when that task was not even his responsibility.

25. In addition, Plaintiff began receiving few hours on his schedule following his complaint.

26. In approximately early November 2021, Plaintiff was informed by Ms. Bell that "snitches get stiches," clearly referencing Plaintiff's complaints of racist harassment.

27. On or about November 18, 2021, Plaintiff was terminated in retaliation for his complaints of race discrimination by his supervisor.

28. Upon information and belief, Defendant terminated Plaintiff because he complained about discriminatory conduct that he was facing in the hands of Defendant.

29. The above are just some of the comments and conduct which contributed to the race-based hostile work environment that Plaintiff experienced on a regular basis while employed by Defendant.

30. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

31. Defendant discriminated against Plaintiff solely due to Plaintiff's race (Black).

32. Defendant unlawfully discriminated against, retaliated against, humiliated, degraded and belittled Plaintiff.

33. Plaintiff was subjected to such a discriminatory, retaliatory, hostile and abusive work environment that no reasonable person in Plaintiff's shoes could or should be expected to endure.

34. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, the loss of a salary, loss of bonus, loss of benefits, other compensation which such employment entails, special damages, and great inconvenience.

35. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

36. Defendant acted maliciously, willfully, outrageously and with full knowledge of the law.

### First Cause of Action for Discrimination
### Under Title VII

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

38. Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e–2(a), titled "employer practices," provides that:

    It shall be an unlawful employment practice for an employer –

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

    (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status an employment, because of such individual's race, color, religion, sex, or national origin.

39. Defendant INTELLIGENTSIA violated the sections cited herein as set forth.

40. Plaintiff is entitled to the maximum amount allowed under this statute.

### Second Cause of Action for Retaliation
### Under Title VII

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e–3(a) provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees… to discriminate against any individual… because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

43. Defendant INTELLIGENTSIA engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff because of Plaintiff's opposition to unlawful employment practices.

44. Defendant INTELLIGENTSIA violated the sections cited herein as set forth.

45. Plaintiff is entitled to the maximum amount allowed under this statute.

### Third Cause of Action for Discrimination
### Under 42 U.S.C. § 1981 (As Amended)

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. 42 U.S.C. § 1981 provides, in pertinent part:

> (a) Statement of Equal Rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

48. Defendant INTELLIGENTSIA engaged in unlawful employment practices prohibited by 42 U.S.C. § 1981, by discriminating against Plaintiff because of his race (Black).

49. Defendant INTELLIGENTSIA violated the sections cited herein as set forth.

50. Plaintiff is entitled to the maximum amount allowed under this statute.

### Fourth Cause of Action for Retaliation
### Under 42 U.S.C. § 1981 (As Amended)

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. By the acts and practices described above, Defendant retaliated against Plaintiff for his opposition to unlawful discrimination under 42 U.S.C. § 1981.

53. Defendant acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

54. Defendant INTELLIGENTSIA violated the sections cited herein as set forth.

55. Plaintiff is entitled to the maximum amount allowed under this statute.

### Fifth Cause of Action for Discrimination
### Under the New York State Executive Law

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. New York State Executive Law § 296(1) provides that:

    It shall be an unlawful discriminatory practice:

    (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

58. Defendant engaged in an unlawful discriminatory practice by creating and maintaining a hostile work environment and otherwise discriminating against Plaintiff because of his race (Black).

59. Defendant INTELLIGENTSIA violated the sections cited herein as set forth.

60. Plaintiff is entitled to the maximum amount allowed under this statute.

### Sixth Cause of Action for Retaliation
### Under the New York State Executive Law

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62. New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice:
>
> (e) For any employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

63. Defendant INTELLIGENTSIA violated the sections cited herein as set forth.

64. Plaintiff is entitled to the maximum amount allowed under this statute.

### Seventh Cause of Action for Discrimination
### Under the New York City Administrative Code

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

67. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by creating and maintaining a hostile work environment and otherwise discriminating against Plaintiff because of his race (Black).

68. Defendant INTELLIGENTSIA violated the sections cited herein as set forth.

69. Plaintiff is entitled to the maximum amount allowed under this statute.

**Eighth Cause of Action for Retaliation**
**Under the New York City Administrative Code**
**(Against All Defendants)**

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. New York City Administrative Code § 8-107(7) provides, in pertinent part, that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter…

72. Defendant INTELLIGENTSIA violated the sections cited herein as set forth.

73. Plaintiff is entitled to the maximum amount allowed under this statute.

**Ninth Cause of Action for Vicarious Liability**
**Under the New York City Administrative Code**
**(Not Against Individual Defendant)**

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. New York City Administrative Code § 8-107(13) entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor" provides that:

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall eb deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

    c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

76. Defendant INTELLIGENTSIA violated the section cited herein as set forth.

## Jury Demand

77. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*; 42 U.S.C. § 1981, as amended; the New York State Human Rights Law, New York State Executive Law § 296, *et. seq.*; and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, *et seq.*, in that Defendants discriminated against Plaintiff and created a hostile work environment based on Plaintiff's race (Black) and retaliated against Plaintiff due to his complaints of discrimination;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful harassment, discrimination, retaliation, and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering and injury to Plaintiff's reputation in an amount to be proven;

D. Awarding Plaintiff damages for loss of income, the loss of salary, bonus, benefits, and other compensation, which such employment entails;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff liquidated damages;

G. Awarding Plaintiff prejudgment interest;

H. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action; and

I. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
January 9, 2023

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

By: *[signature: Shawn Clark]*

Shawn R. Clark, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
sclark@tpglaws.com